UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY KITCHEN,

    Petitioner,

v.

MARION SPEARMAN, Warden,

    Respondent.

No. 2:17-cv-0990 GEB KJN P

FINDINGS & RECOMMENDATIONS

I. Introduction

Petitioner is a state prisoner, proceeding through counsel. Petitioner asserts that petitioner's life sentence with a 40 year minimum parole eligibility date is comparable to a sentence of life imprisonment without the possibility of parole, and thus the imposition of such sentence on petitioner, a juvenile when the crimes occurred, violates his right to be free from cruel and unusual punishment under the Eighth Amendment. On July 6, 2017, respondent filed a motion to dismiss this action as barred by the statute of limitations. Petitioner filed an opposition, and respondent filed a reply. As discussed below, respondent's motion to dismiss should be granted.

II. Legal Standards

    A. Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1

petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court reviews respondent's motion to dismiss pursuant to its authority under Rule 4.

### B. Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed. . . ." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But when a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.

2

Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Petitioner bears the burden of showing facts entitling him to statutory tolling. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was 14 at the time of the underlying offenses. (ECF No. 2 at 6.)

2. Pursuant to a plea agreement, petitioner pled guilty just after he turned 16. (ECF No. 2 at 5.)

3. On February 21, 2003, petitioner was sentenced to fifteen years to life for second degree murder, and to a consecutive sentence of 25 years to life for foreign object penetration with a burglary enhancement. (Id.) Petitioner's minimum eligible parole period is 40 years.

4. Petitioner's conviction became final on October 12, 2004. Kitchen v. Felker, Case No. 2:07-cv-0701 MCE DAD (E.D. Cal.) (ECF No. 50 at 9).

5. Following direct appeal and collateral challenges in state court, petitioner filed a federal petition for writ of habeas corpus, which was dismissed on March 29, 2010, as barred by the statute of limitations. Kitchen, Case No. 2:07-cv-0701 MCE DAD.

6. On August 27, 2012, petitioner filed a petition for writ of habeas corpus in the Sacramento County Superior Court, arguing the petition was based on new case law decided after petitioner exhausted his direct appeal, in pertinent part:

> a. Constitutionality, under the Eighth Amendment, of sentencing juveniles to life sentences: Graham v. Florida, 560 U.S. __, 130 S. Ct. 2011 (July 6, 2010) and Miller v. Alabama, 567 U.S. __, 132 S. Ct. 2455 (June 25, 2012). See also People v. Caballero, 55 Cal. 4th 262 (August 16, 2012). . . .

(ECF No. 2 at 6.) On September 26, 2012, the Sacramento County Superior Court denied the petition as "successive and untimely," citing In re Robbins, 18 Cal. 4th 770, 811-12 n.32 (1998),

3

and In re Clark, 5 Cal. 4th 750 774-75 (1993) (hereafter "Robbins/Clark"). (ECF No. 14 at 5.) The superior court found that petitioner's claim that his 40 years-to-life sentence violates the Eighth Amendment did not constitute an exception to the Robbins/Clark bar because he will become eligible for parole at age 54-1/2, "easily within petitioner's life expectancy." (ECF No. 14 at 7.) Despite the fact that California Penal Code § 667.6(d) rendered full consecutive sentencing of the murder and sex offense mandatory, the 40-years-to-life sentence did not violate Miller v. Alabama, 132 S. Ct. 2455, or People v. Caballero, 55 Cal. 4th 262 (2012). (ECF No. 14 at 7.) "Therefore, no further issue under Miller need be determined, as the claim fails for the simple reason that petitioner was not sentenced to a de facto life without parole sentence." (ECF No. 14 at 7.)

7. On November 9, 2012, petitioner filed the same petition in the California Court of Appeal, Third Appellate District. The state appellate court denied the petition without comment on November 29, 2012. (ECF No. 14 at 11.)

8. On January 23, 2013, petitioner filed the same petition in the California Supreme Court. The California Supreme Court denied the petition without comment on April 17, 2013. (ECF No. 14 at 13.)

9. Pursuant to the order of the Court of Appeals for the Ninth Circuit, the instant petition (ECF No. 2) was deemed filed on February 3, 2014.[1] (ECF No. 1.)

IV. Waiver

Initially, petitioner argues that respondent waived the statute of limitations affirmative defense because respondent did not argue such defense before the Ninth Circuit in Case No. 14-70299. Petitioner is mistaken. Here, respondent properly raised the affirmative defense in a motion to dismiss, before filing an answer. See Fed. R. Civ. P. 8(c); Fed. R. Civ. P. 12(b).[2] Petitioner's reliance on Morrison v. Mahoney, 399 F.3d 1042, 1026 (9th Cir. 2005), is unavailing

---

[1] Petitioner sought leave to file a second or successive petition, which was granted. Kitchen v. Spearman, Case No. 14-70299 (9th Cir.).

[2] Title 28 U.S.C. § 2254 Rule 11 makes the Federal Rules of Civil Procedure applicable to habeas petitions to the extent they are not inconsistent with the Habeas Rules.

because the circuit only addressed waivers in cases that originate in the district court, where the dismissal was sought for the first time on appeal. Id.

V. Later Trigger Date?

The undersigned considers whether the limitations period started upon retroactive application of a constitutional right newly recognized by the Supreme Court of the United States. See 28 U.S.C. § 2244(d)(1)(C).

The Supreme Court has held that the Constitution prohibits juvenile offenders from being sentenced to life imprisonment without the possibility of parole for non-homicide offenses. Graham v. Florida, 560 U.S. 48, 82 (2010). The Court of Appeals for the Ninth Circuit held that Graham applies retroactively. Moore v. Biter, 725 F.3d 1184, 1190 (9th Cir. 2013).

Subsequently, on June 25, 2012, the Supreme Court held that a juvenile offender cannot receive a mandatory sentence of life imprisonment without the possibility of parole, including a sentence imposed on a juvenile convicted of murder, without consideration of certain factors related to youth. Miller v. Alabama, 132 S. Ct. 2455, 2474 (2012). On January 25, 2016, in Montgomery v. Louisiana, 136 S. Ct. 718, 734 (2016), the Supreme Court found Miller was a new substantive rule of constitutional law that must be given retroactive effect by state courts. Montgomery, 136 S. Ct. at 729, 732. The Court reiterated that state courts "may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." Montgomery, 136 S. Ct. at 736.

When § 2244(d)(1)(C) applies, the start date of the one-year period is the date that the Supreme Court initially recognizes the new constitutional right, not the date that such right is determined to apply retroactively. Dodd v. United States, 545 U.S. 353, 357 (2005) (construing parallel provision in 28 U.S.C. § 2255).

A. Graham or Miller?

Initially, respondent contends that petitioner solely seeks relief under Graham, only briefly mentioning Miller, and failing to set forth any facts that petitioner was barred from presenting any circumstances for consideration at the time of sentencing, or identifying any circumstances that were not considered. (ECF No. 10 at 2.)

5

Respondent is mistaken, reading the petition too narrowly. Petitioner could not have earlier pursued his claim under Graham because petitioner pled guilty to second degree murder, and Graham only applied to non-homicide juvenile convictions. Moreover, petitioner simply asks the court to apply Miller to a different set of facts, primarily arguing that his sentence of 40 years to life is the functional equivalent of life without the possibility of parole. See Moore v. Biter, 725 F.3d at 1191 (sentence of 254 years was the functional equivalent of life without the possibility of parole); see also Caballero, 55 Cal. 4th at 262 (Graham applies where defendant sentenced to a de facto life without parole sentence because a 110-years-to-life sentence would not afford any realistic opportunity to obtain parole before death). Petitioner concedes that for non-white males born around 1990, the life expectancy is 65.6 years. (ECF No. 2 at 22.) But petitioner argues that he is likely to die in prison, citing poor medical care, overcrowding, and suicide risks, citing statistics that show the suicide rate is substantially higher for jail inmates age 55 or older. Thus, the court finds petitioner seeks review under Miller.

B. Calculation of Limitations Period Under Miller

Respondent argues that petitioner bears the burden of proving that the statute of limitations was tolled, and that the state filings were "properly filed." (ECF No. 10 at 2 n.2, citing Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010).) In opposition, petitioner does not address Banjo, or the state court's untimeliness finding under Robbins/Clark, choosing instead to baldly assert he is entitled to statutory tolling for the state petitions, and claim that the state petitions were timely-filed because his initial state court petition was filed only 63 days after Miller was announced. In reply, respondent counters that because the state superior court expressly found the petition was untimely, and such ruling was undisturbed by the higher state courts, the petitions were not properly filed, and that is "the end of the matter" on timeliness. (ECF No. 14 at 3, citing Banjo, 614 F.3d at 968.)

Miller was decided on June 25, 2012. Petitioner's first state habeas petition was filed on August 27, 2012. The state superior court denied the habeas petition as untimely, citing Robbins/Clark. The summary denial of the following two state petitions creates a presumption, unrebutted by petitioner, that the California Supreme Court agreed with the lower court's

determination on the timeliness question. See Curiel v. Miller, 830 F.3d 864, 870 (9th Cir. 2016) (*en banc*) (when a higher-level court denies the petition summarily, the federal court looks through the silent decision and presumes the higher court agreed with and adopted the reasons given by the lower court). In other words, every one of petitioner's state habeas petitions was rejected as untimely and afford petitioner no statutory tolling.

The Supreme Court has made clear that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. at 414. In addition, the Supreme Court has held that a citation to In re Clark and In re Robbins signals a habeas petition has been denied as untimely. Walker v. Martin, 562 U.S. 307, 310 (2011). See also Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (citation to In re Robbins, 18 Cal. 4th at 780, is a "clear ruling" that the state petition was untimely); Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), amended, 439 F.3d 993 (9th Cir. 2006) (a petition denied as untimely is not properly filed and cannot toll the limitations period). An untimely state post-conviction petition is not considered "properly filed," and does not afford the petitioner statutory tolling of the AEDPA statute of limitations. See 28 U.S.C. § 2244(d)(2); Pace, 544 U.S. at 414. "Under Pace, if a state court denies a petition as untimely, none of the time before or during the court's consideration of that petition is statutorily tolled." Bonner, 425 F.3d at 1149.

Indeed, the Supreme Court anticipated such harsh[3] results for petitioners seeking to raise a

---

[3] The recommended result is harsh, inasmuch as the state court found the petition untimely before the Supreme Court found Miller must be retroactively applied. However, since petitioner filed his federal petition, courts have found that it is not clearly established federal law that an indeterminate life sentence for a juvenile homicide offender violates the Eighth Amendment, and that longer sentences for prisoners whose initial parole eligibility would occur much later than age 54, were not the functional equivalent of a life without parole sentence, and did not violate the Eighth Amendment. See, e.g., Demirdjian v. Gipson, 832 F.3d 1060, 1077 (9th Cir. 2016), cert. denied, 2017 WL 1539465 (Oct. 2, 2017) (juvenile sentence of two consecutive terms of 25 years to life, where parole eligibility arose at age 66, was not the "functional equivalent" of a life without parole sentence, citing Lockyer v. Andrade, 538 U.S. 63, 73-74 (2003) (calling a sentence under which parole was possible at age 87 "materially distinguishable" from a life without parole sentence).); Toledo v. Johnson, 2017 WL 442905 (C.D. Cal. Jan. 25, 2017) (state court reasonably rejected female's claim that 50 year sentence was functional equivalent of life without the possibility of parole, because she would be eligible for parole at age 71, which was "within seven years of her natural life expectancy if she were not incarcerated," and failed to quantify how many fewer years she would live while incarcerated, but did not demonstrate even a 5%

newly recognized right in a second or successive petition. Dodd, 545 U.S. at 359. "[A]n applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which [the] Court announces a new rule of constitutional law and makes it retroactive within one year." Id. (although applied in the context of motions under 28 U.S.C. § 2255, the rationale applies equally to state prisoners seeking relief under § 2244(d)(1)(C) and § 2244(b)(2)(A).)

Because none of the state petitions offer statutory tolling, the federal statute of limitations period began on June 26, 2012, the day after the Miller decision issued, and expired on June 26, 2013. Petitioner did not file the instant petition until February 3, 2014; therefore, the petition is untimely and must be dismissed.

A habeas corpus petitioner is entitled to equitable tolling of the AEDPA statute of limitations if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner, who is represented by counsel, does not make any argument for equitable tolling.

Respondent's motion to dismiss should be granted.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. The petition be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge

---

reduction in life expectancy); Hart v. Beard, 2016 WL 8456753 (C.D. Cal. Nov. 16, 2016) (where prisoner eligible for parole at age 51, the 41 year sentence, although long, "is not within the category of the harshest possible term of imprisonment for juvenile offenders because it does not preclude the possibility of parole within petitioner's lifetime"); Kelly v. Valenzuela, 2016 WL 2893128, at *7 (C.D. Cal. Feb. 5, 2016), report and recommendation adopted, 2016 WL 2885851 (C.D. Cal. May 16, 2016) (habeas petition subject to summary dismissal because Graham and Miller do not apply where juvenile, sentenced to 40 years to life for second degree murder with firearm enhancements, would have opportunity for parole within his lifetime); Willis v. Muniz, 2016 WL 1068426 (C.D. Cal. Feb. 11, 2016) (sentence of 40 years to life was not the functional equivalent of life without the possibility of parole); United States v. Walton, 537 Fed. App'x 430, 437 (5th Cir. 2013) (holding that Graham and Miller did not apply to juvenile offender's sentence of 40 years).

8

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 26, 2017

/kitc0990.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

9